UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE ARMSTRONG,

    Plaintiff,

vs.   Case No.:

PADGETT SECURITY, INC.,

    Defendant.                         /

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, DENISE ARMSTRONG, by and through her undersigned counsel, sues the Defendant, PADGETT SECURITY, INC. ("Defendant"), a Florida Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**INTRODUCTION**

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case, an investigation and security firm, violated the FLSA by failing to pay Plaintiff time and one half for all of her hours worked over forty (40) each week.

## PARTIES

7. Plaintiff worked for Defendant as an hourly paid Security Officer from approximately December 2017 to September 2019.

8. Defendant is a Florida Profit Corporation with its principal place of business located at 615 E Esperanza Ave., Clewiston, FL 33440.

9. Defendant operates as a private security service offering commercial security solutions.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

11. Defendant conducts business in, among others, Hendry County, Florida, therefore venue is proper in the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

12. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

14. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

      a. Engaged in commerce; or

      b. Engaged in the production of goods for commerce; or

      c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

16. Defendant is a company classified as a private security service.

17. Defendant has a pay policy and/or pay practice whereby Plaintiff did not receive time and one-half her regular rate of pay for all hours worked in excess of forty (40) per week.

18. Plaintiff was employed by Defendant as a Security Officer at the rate of $9.50 per hour.

19. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

20. Defendant utilized an improper pay practice with respect to Plaintiff whereby overtime compensation would only be paid to the extent she worked more than 86.5 hours in a bi-monthly pay period.

21. This improper averaging of work weeks deprived Plaintiff of her complete and proper overtime compensation for <u>all</u> hours worked over forty (40) in each week.

22. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff.

23. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

24. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

26. Paragraphs one (1) through twenty-five (25) are incorporated as though fully set forth herein.

27. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During her employment with Defendant, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

29. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30. Defendant did not have a good faith basis for its failure to pay Plaintiff

overtime compensation for each hour worked in excess of forty (40) per work week.

31.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DENISE ARMSTRONG, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff requests that upon trial of this action all issues be submitted to and determined by a jury.

Date:   September 14, 2020                                   Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*/s/ Jolie N. Pavlos*
Jolie N. Pavlos, Esq.
FBN 0125571
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 204-2206
Email: jpavlos@forthepeople.com
***Attorneys for Plaintiff***